UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCO CANTERO GARCIA, et al.,<br><br>Petitioner,<br><br>v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>Respondent. | Case No. 2:25-cv-02092-TMC<br><br>ORDER GRANTING IN PART EX PARTE MOTION FOR ORDER TO SHOW CAUSE |

On October 24, 2025, Petitioners filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1. The same day, Petitioners moved *ex parte* to request this Court issue an order to show cause and expedited briefing schedule requiring Respondents to file a response within three days and to provide notice "prior to any action to move or transfer Petitioners from [the Northwest Immigrations and Customs Enforcement Processing Center ("NWIPC")]." Dkt. 2 at 1, 6–7. The Court GRANTS the motion in part and orders an expedited briefing schedule for the reasons that follow.

1. The Court retains discretion to determine when an answer or response to a section 2241 habeas petition is due. *See, e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. §

ORDER GRANTING IN PART EX PARTE MOTION FOR ORDER TO SHOW CAUSE - 1

2254]."); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (explaining that pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). Even when following 28 U.S.C. § 2243, the Court may allow up to twenty days for the return with good cause. 28 U.S.C. § 2243 ("The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

2. In the exercise of its discretion to fix the response deadline, the Court is mindful that Congress has clearly indicated that habeas petitioners are entitled to a prompt ruling. A court considering a habeas application must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added); *see Fay v. Noia*, 372 U.S. 391, 400 (1963) (explaining that habeas is meant to provide a "swift and imperative remedy"); *In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay in the disposition of habeas corpus cases is unacceptable.").

3. Thus, the Court examines the allegations and circumstances of each case in determining the due date of a response. In examining the allegations here, the Court finds there is a basis to expedite this matter. Petitioners, who resided in the United States for years before their arrests, allege that they are entitled to relief under *Rodriguez Vazquez v. Bostock*, in which the Court declared that the Tacoma Immigration Court's practice of denying bond to certain detainees on the basis of 8 U.S.C. § 1225(b) was unlawful. --- F. Supp. 3d ---, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025); *see* Dkt. 1 ¶¶ 1–3, 36–40. Four petitioners—Marco Cantero Garcia, Jose Villalvozo-Benitez, Armando Benitez

Chavez, and Manuel Villalba Cordova—ask the Court to order their immediate release from custody or, in the alternative, release upon payment of their respective alternative bond amounts set by Immigration Judges ("IJ"s). Dkt. 1 ¶¶ 4–13, 18–23; *see* Dkt. 3-3 at 2; Dkt. 3-7 at 2–3; Dkt. 3-10 at 2; Dkt. 3-17 at 2. Petitioner Kevin Munoz-Quiterio, who was previously apprehended in 2016 and who was deemed ineligible for release in his 2025 bond hearing because he presents a danger to the community, seeks an order "requiring Respondents to consider him detained under 8 U.S.C. § 1226(a) and ordering that they may not deny his bond appeal or affirm the IJ order on the basis that 8 U.S.C. § 1225(b)(2) detention applies to him." Dkt. 1 ¶¶ 14–17, 24, d; *see* Dkt. 3-12 at 2–3; Dkt. 3-13 at 2. Because the question of the relief available to Munoz-Quiterio is more complicated than that presented by a habeas petition from a typical *Rodriguez Vazquez* class member, the Court finds that a longer briefing schedule is needed.

4. Petitioners further request that the Court require Respondents to provide notice of at least 48 hours before taking action to move or transfer any Petitioner from NWIPC to another facility or out of the United States. Dkt. 2 at 6. Petitioners claim that such notice will permit them to seek emergency relief from this Court prior to a transfer. *Id.* To preserve the opportunity to determine whether the court has subject matter jurisdiction and, if so, to consider whether habeas relief is warranted, a court may issue an order to maintain the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's

jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906). To allow Petitioners time to move for emergency relief in the event they are to be transferred or removed before this Court reviews their petition, the Court ORDERS that Respondents must provide Petitioners and Petitioners' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer any Petitioner from NWIPC or to remove him from the United States.

5. Accordingly, the Court ORDERS:

    a. Petitioners' *ex parte* motion for order to show cause, Dkt. 2, is GRANTED.

    b. Respondents shall file a response to the habeas petition no later than November 4, 2025. Any arguments that the petition should be dismissed shall be made in the response and not by separate motion.

    c. Any reply Petitioner wishes to file shall be due by November 6, 2025. The clerk shall note the matter for November 6, 2025.

    d. Respondents shall provide Petitioners and Petitioners' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer any Petitioner from NWIPC or to remove him from the United States.

    e. The clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondents and shall immediately email a copy of this order to usawaw.Habeas@usdoj.gov.

Dated this 29th day of October, 2025.

Tiffany M. Cartwright

ORDER GRANTING IN PART EX PARTE MOTION FOR ORDER TO SHOW CAUSE - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

United States District Judge

ORDER GRANTING IN PART EX PARTE MOTION FOR ORDER TO SHOW CAUSE - 5