UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCO CANTERO GARCIA, et al.,<br><br>Petitioners,<br><br>v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>Respondents. | Case No. 2:25-cv-02092-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.     INTRODUCTION

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Immigration and Customs Enforcement officials in 2025, and are detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶¶ 4–20. Each Petitioner requested release on bond and was denied by a Tacoma Immigration Judge ("IJ") on the basis that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 3-3 at 2; Dkt. 3-7 at 2; Dkt. 3-10 at 2; Dkt. 3-13 at 2; Dkt. 3-17 at 2. Petitioner Kevin Munoz-Quiterio's bond request was denied based on the additional determination that he presents a danger to the community. Dkt. 3-13 at 2. For each Petitioner except for Munoz-Quiterio, an IJ set an alternative bond amount: $10,000 for Petitioner Marco Cantero Garcia, $10,000 for Petitioner Jose Villalvozo-Benitez, $10,000 for

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

Petitioner Armando Benitez Chavez, and $25,000 for Petitioner Manuel Villalba Cordova. Dkt. 3-3 at 2; Dkt. 3-7 at 2–3; Dkt. 3-10 at 2; Dkt. 3-17 at 2.

On October 24, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 36–40. The same day, they filed an *ex parte* motion for an order to show cause. Dkt. 2. On October 29, the Court issued an order directing Respondents to file a return and setting an expedited briefing schedule. Dkt. 7. On November 4, Respondents filed a return, and on November 5, Petitioners filed a reply. Dkt. 9; Dkt. 12. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus as to Cantero Garcia, Villalvozo-Benitez, Benitez Chavez, and Villalba Cordova ("Alternative Bond Petitioners"), and DENIES the petition as to Munoz-Quiterio.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    The mandatory detention of the Alternative Bond Petitioners violates the Immigration and Nationality Act.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 2

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025).

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 36–40. While Respondents express that they continue to disagree with the Court's order in *Rodriguez Vazquez*, they do not dispute that the Alternative Bond Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 9 at 3.

For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that the Alternative Bond Petitioners are detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. The Alternative Bond Petitioners have thus shown they are "in custody in violation of the" Immigration and Nationality Act. *See* 28 U.S.C. § 2241(c)(3).

**B.    Munoz-Quiterio has not shown by a preponderance of the evidence that his detention is unlawful.**

Munoz-Quiterio does not ask the Court to order his release. Dkt. 1 ¶ 22; Dkt. 12 at 2. Instead, he asks the Court to "order that Respondents must consider him detained under § 1226(a) and that they may not deny his bond appeal or affirm the IJ order on the basis that § 1225(b)(2) detention applies to him." Dkt. 1 ¶ 23. Respondents argue that habeas relief is not proper because Munoz-Quiterio has not yet exhausted his administrative remedies. Dkt. 9 at 5–8.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although Munoz-Quiterio is appealing the IJ's bond denial to the Board of Immigration Appeals, at this point, the IJ's determination that he

presents a danger to the community is a separate basis for the "legality of [his] custody." *See id.*; *see also* Dkt. 12 at 2. Although he challenges one basis of his confinement—mandatory detention under § 1225(b)(2)—he does not argue that "the fact or duration of his confinement" violates any law. *See Preiser*, 411 U.S. at 489. The relief he seeks essentially asks the Court to restate that the declaratory judgment in *Rodriguez Vazquez* applies to him if he overturns the other basis for his detention through his BIA appeal. But that ruling is already contained within the *Rodriguez Vazquez* order and judgment itself. Because Munoz-Quiterio has not demonstrated by a preponderance of the evidence that his detention is unlawful, a writ of habeas corpus is not available relief at this time.

## IV.     CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Marco Cantero Garcia, Jose Villalvozo-Benitez, Armando Benitez Chavez, and Manuel Villalba Cordova. The petition for writ of habeas corpus (Dkt. 1) is DENIED as to Petitioner Kevin Munoz-Quiterio.

2. Within ONE day of this Order, Respondents must do the following:

    a. Either release Petitioner Marco Cantero Garcia or allow his release upon payment of the alternative bond amount of $10,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

    b. Either release Petitioner Jose Villalvozo-Benitez or allow his release upon payment of the alternative bond amount of $10,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

  c. Either release Petitioner Armando Benitez Chavez or allow his release upon payment of the alternative bond amount of $10,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

  d. Either release Petitioner Manuel Villalba Cordova or allow his release upon payment of the alternative bond amount of $25,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 7th day of November, 2025.

*[signature]*

Tiffany M. Cartwright
United States District Judge